IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES R. DAVIS                                                                                          Plaintiff

v.                                             No. 4:14-CV-220-BRW-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration                                                                Defendant

RECOMMENDED DISPOSITION

Instructions

The following recommended disposition was sent to U.S. District Judge Billy Roy Wilson.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Wilson may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Recommended Disposition**

James Davis seeks judicial review of the denial of his fourth application for social security disability benefits.[3] Davis claims he has been disabled since July 2008 when he was diagnosed with coronary artery disease. Because Davis's third application was denied on July 29, 2010,[4] this case considers whether Davis was disabled beginning July 30, 2010.[5] Davis bases disability on unspecified back, leg, shoulder, and neck injuries; diabetes; joint pain; heart problems; blood clotting; breathing problems; depression; and thyroid problems.[6]

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ determined that although Davis has severe impairments — lumbago and coronary artery disease[7] — he has the residual functional capacity (RFC) for light work. After applying the Medical-Vocational Guidelines (the Guidelines) for a person with Davis's age, education, work experience, and RFC, the ALJ determined Davis is not

---

[3]SSA record at p. 121 (applying on Nov. 7, 2011, and alleging onset on July 22, 2008). *See id*. at p. 125 & 132 (reflecting three prior applications).

[4]*Id*. at pp. 28 & 240.

[5]*Hulsey v. Astrue*, 622 F.3d 917, 924 (8th Cir. 2010) ("The law-of-the-case doctrine generally prevents relitigation of an issue previously resolved, and requires courts to adhere to decisions rendered in earlier proceedings. This doctrine applies to administrative agencies on remand.").

[6]SSA record at p. 150.

[7]*Id*. at p. 12.

disabled and denied the application.[8]

After the Appeals Council denied a request for review,[9] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[10] Davis filed this case to challenge the decision.[11] In reviewing the decision, the court must decide whether substantial evidence supports the decision and whether the ALJ made a legal error.[12] This recommendation explains why substantial evidence supports the determination about Davis's RFC, but why legal error requires a remand for vocational evidence.

**Davis's allegations**. Davis raises many issues to challenge the determination that he can do light work. He contends (1) the ALJ committed reversible error by failing to discuss the credibility of his brother's testimony; (2) the record isn't properly developed because the ALJ declined to order a pulmonary consultative exam (Davis says the ALJ

---

[8]*Id*. at p. 17.

[9]*Id*. at p. 1.

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[11]Docket entry # 1.

[12]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

declined to order an exam to maintain the local office's high rating for average processing time); (3) new evidence shows medication does not control his chronic obstructive pulmonary disease (COPD) and the need for a pulmonary examination; (4) diabetes and his back are severe impairments; (5) the ALJ did not discuss obesity; (6) he has unconsidered environmental limitations; (7) he disagrees with medical expert opinion about his ability to work; and (8) the ALJ should have relied on vocational expert testimony rather than the Guidelines. For these reasons, he asks the Court to reverse the decision to deny benefits.

**Applicable legal principles**. In reviewing a decision denying an application for disability benefits, the court must determine whether the decision is supported by substantial evidence in the record as a whole.[13] Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate to support the decision.[14] For substantial evidence to exist in this case, a reasonable mind must accept the evidence as adequate to show Davis can do light work. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."

**A reasonable mind would accept the evidence as adequate to show Davis can do light work for the following reasons**:

---

[13] *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

[14] *Slusser*, 557 F.3d at 925.

1. <u>Davis hasn't seen a cardiologist since coronary artery bypass grafting in September 2008</u>.[15]  Davis has coronary artery disease, but he hasn't complained about his heart. He has no blood clots. New evidence indicates he saw a heart doctor eleven months after the unfavorable decision,[16] but that evidence does not relate to the time period for which benefits were denied.[17] The lack of cardiac care suggests no disabling symptoms.

2. <u>Davis's back pain flows from age-related changes, not injury</u>. Diagnostic imaging shows no significant abnormality.[18] Medical providers prescribed conservative treatment and weight loss.[19] Conservative treatment suggests no disabling back pain.[20]

3. <u>Diabetes, hypertension, and hyperthyroidism can be controlled by treatment</u>. "An impairment which can be controlled by treatment or medication is not considered disabling."[21] Doctors diagnosed diabetes, hypertension, and hyperthyroidism years ago, and prescribed medication and weight loss. Blood sugar fluctuates from time to time, but shortly before the hearing, blood sugar was near goal.[22]

4. <u>Davis does not comply with prescribed treatment for COPD</u>. Cigarette

---

[15]SSA record at p. 348 (discharge summary).

[16]*Id*. at p. 403 (refer to Dr. Henry for evaluation of chest pain with history of coronary artery disease; visit scheduled for Feb. 6, 2015).

[17]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) (new evidence must be relevant, and probative of claimant's condition for the time period for which benefits were denied to support remand).

[18]SSA record at p. 266. *See also id*. at p. 394 (not-so-mild chronic changes at level L5/S1 but otherwise no significant abnormality).

[19]*Id*. at pp. 287, 296 & 383. *See also id*. at p. 394.

[20]*Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (conservative course of treatment undermined claimant's claim of disabling back pain).

[21]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[22]SSA record at p. 376 (A1c is 7.5, goal is 7).

5

smoking is the primary cause of COPD.[23]  Davis has smoked since he was five years old.[24]  Doctors recommend smoking cessation,[25] but Davis continues to smoke.[26]  A claimant who fails to comply with prescribed treatment without good reason is barred from receiving disability benefits.[27]  Failing to follow prescribed treatment also weighs against a claimant's credibility.[28]  Continuing to smoke undermines Davis's claim of environmental limitations.

5. <u>No evidence implicates a pulmonary exam</u>.  An ALJ must order a medical exam when treatment records provide insufficient information to determine whether the claimant is disabled.[29]  Davis sees a medical provider on a fairly regular basis, but his treatment notes reflect no pulmonary complaints.  When Davis complained about pain in the armpit area, he declined a referral to UAMS.[30]  The record contains no diagnostic testing confirming the presence of COPD.  Treating physicians have recommended no diagnostic testing.  The lack of diagnostic testing suggests no disabling symptoms.  To the extent the record required development, the ALJ ordered a physical examination and a mental diagnostic evaluation.[31]

6. <u>No harm flowed from neglecting to discuss the brother's testimony</u>.  The ALJ followed the required two-step process and considered the required

---

[23] Harry W. Golden & Tish Davidson, 2 The Gale Encyclopedia of Med. 1024 (4th ed.).

[24] SSA record at p. 270.

[25] *Id*. at pp. 297 & 379.

[26] *Id*. at p. 45.

[27] *Tome v. Schweiker*, 724 F.2d 711, 713-14 (8th Cir. 1984).  *See* 20 C.F.R. §§ 404.1530 & 416.930.

[28] *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005).

[29] *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994).

[30] SSA record at p. 378.

[31] *Id*. at pp. 260 & 268.

factors in evaluating credibility.[32]  The brother corroborated Davis's testimony and written statements from Davis's wife and cousin.[33] Neglecting to comment on corroborating testimony had no practical effect on the outcome of the case.[34]  Moreover, an ALJ doesn't have to discuss every piece of evidence.[35]

7. <u>The record reflects no limitations due to obesity</u>.  Davis did not base his claim on obesity.  His doctors recommend diet and physical exercise.[36]  The recommendation for exercise contradicts a claim of disabling pain and limitation.[37]  Under these circumstances, failing to discuss obesity provides no basis for relief.[38]

8. <u>According to medical experts, Davis can do light work</u>.[39]  The medical examiner reported a moderate limitation in lifting/carrying, and a mild to

---

[32]SSR 96-7p, *Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*.

[33]*Compare* SSA record at pp. 54-58 *with id*. at pp. 171-95.

[34]*Benskin v. Bowen*, 830 F.2d 878, 883 (8th Cir. 1987).

[35]*Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998).

[36]SSA record at pp. 252, 296, 312 & 383.

[37]*Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013).

[38]*Forte v. Barnhart*, 377 F.3d 892, 896-97 (8th Cir. 2004) (rejecting claim that ALJ erred by not considering claimant's obesity where treating doctors noted claimant was obese and should lose weight, but did not suggest obesity imposed work-related limitations, and claimant did not testify that obesity imposed restrictions; treating pain management physician repeatedly reported obesity, but released claimant to work without restrictions); *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995) (failure to discuss obesity as additional impairment was not fatal where claimant did not base disability on obesity, claimant alleged pain prevented him from returning to work, no medical evidence showed obesity limited the ability to work, no one testified that weight limited the ability to work, and claimant had 16-year work history in spite of weight).

[39]SSA record at pp. 285 & 332.

moderate limitation in walking.[40] These limitations are consistent with light work.

**The evidence supports light work, but the decision contains an inherent conflict the Court cannot ignore.** The conflict flows from the determination that lumbago is a severe impairment. That determination flowed from the agency medical expert's opinion.[41] To be severe, an impairment must significantly limit the claimant's physical or mental ability to do basic work activities.[42] By identifying lumbago as a severe impairment, the ALJ determined that lumbago significantly limits Davis's ability to do basic work activities.

The problem with identifying lumbago as a severe impairment lies in definition. Lumbago means "back pain."[43] "Pain is a nonexertional impairment."[44] "[W]here the

---

[40]*Id*. at p. 264.

[41]*Id*. at p. 285 ("Owing to MDI of CAD, and lumbago, MER in file would support LIGHT RFC.").

[42]*See* 20 C.F.R. §§ 404.1520(c) & 416.920(c) (explaining that a claimant is not disabled if he does "have any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities").

[43]3 Attorneys' Dictionary of Med. 71156 (lumbago: A pain or ache in the lower part of the back, in the region of the loins; sometimes, as used by the laity, backache in general); Stedman's Med. Dictionary 514330 (lumbago: "Pain in mid and lower back; a descriptive term not specifying cause).

[44]*Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998). *See* 20 C.F.R. §§ 404.1545(e) & 416.945(e) ("Pain … may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone; *e.g.*, someone with a low back disorder may be fully capable of the physical demands … of sustained medium work activity, but another person with the same disorder, because of pain, may not be capable of more than the physical demands … of light work activity on a sustained basis.").

claimant suffers from a nonexertional impairment such as pain, the ALJ must obtain the opinion of a vocational expert instead of relying on the…Guidelines."[45]  "[T]he ALJ may rely on the [G]uidelines to direct a conclusion … without … vocational expert testimony *if* the ALJ determines that a claimant's nonexertional limitations *do not* significantly affect the claimant's RFC."[46]

The ALJ *did not* determine that back pain does not significantly affect Davis's RFC. To the contrary, by identifying "lumbago" as a severe impairment, the ALJ determined that "back pain" significantly limits Davis's physical ability to do basic work activities.[47] Consequently, the ALJ could not rely on the Guidelines.

The ALJ, however, applied the Guidelines without addressing the impact of back pain on the range of available light work.  The conflict between the identification of back pain as a severe impairment and the application of the Guidelines undermines the ALJ's determination that work exists that Davis can do.  The ALJ should have consulted a vocational expert.  Failing to obtain vocational evidence constituted legal error.

## Conclusion

Substantial evidence supports the determination that Davis can do light work, but

---

[45]*Collins v. Astrue*, 648 F.3d 869, 871-72 (8th Cr. 2011).

[46]*Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir. 1993) (italics added).

[47]*See* 20 C.F.R. §§ 404.1520(c) & 416.920(c) (explaining that claimant is not disabled if he does "have any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities").

the ALJ erred by relying on the Guidelines. For this reason, the undersigned magistrate judge recommends granting Davis's request for relief (docket entry # 2), and reversing and remanding this case for vocational evidence.

### Recommendation

IT IS, THEREFORE, RECOMMENDED that:

1. This case is reversed and remanded for the legal error discussed above; *i.e.*, the ALJ's reliance on the Medical-Vocational Guidelines. This is a Sentence Four remand.

2. On remand, the Commissioner's ALJ shall obtain vocational evidence. The ALJ may obtain vocational evidence by questioning a vocational expert during a hearing or by written interrogatories.

3. After obtaining vocational evidence, the ALJ shall consider whether work exists that Davis can do.

Dated this 13th day of May, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE